MATTER OF CSONKA

In Section 248 Proceedings

A-22855988

*Decided by Regional Commissioner April 18, 1978*

(1) Applicant sought a change of nonimmigrant classification under section 248 of the Immigration and Nationality Act, 8 U.S.C. 1258, from that of visitor for pleasure to that of treaty investor under section 101(a)(15)(E)(ii) of the Act, 8 U.S.C. 1101(a)(15)(E)(ii). In order to so qualify, applicant must show he has invested or is investing capital in a bona fide enterprise and is not seeking to come to the United States to invest a small amount of capital in a marginal enterprise. Applicant's investment consisted of $30,000 consisting of notes on which another individual was guarantor. There is no showing that he invested any of his own money, and the business was shown to be a losing venture.

(2) Where there is no evidence that the applicant has invested his own funds in an enterprise, loans guaranteed by a party other than the applicant cannot be considered as an investment by the applicant, notwithstanding that the 51 per cent share of the business owned by the applicant was pledged to the guarantor as security for the loans.

ON BEHALF OF APPLICANT:   William T. Johnson, Esquire
Myers and Johnson
842 Petroleum Building
Beaumont, Texas 77701

The application was denied by the District Director, Houston, Texas, and is now considered on appeal.

The applicant is a 25-year-old single male, a native and citizen of England. He was admitted as a visitor for pleasure on July 18, 1977, with an authorized period of stay to August 19, 1977.

The application was denied by the District Director because it was decided that the applicant had failed to establish that he had invested or was actively in the process of investing a substantial amount of capital in a business enterprise in the United States.

At present, Service regulations do not address the question of who may qualify for treaty investor status. However, Operations Instruction 214.2(e) requires that the notes to 22 C.F.R. 41.40 and 41.41 in Volume 9, Visas, Foreign Affairs Manual, must be consulted when

considering matters involving treaty traders and treaty investors.

22 C.F.R. 41.41 relates specifically to treaty investors and provides that an alien shall be classifiable as a nonimmigrant treaty investor if he establishes to the satisfaction of the Consular Officer that he qualifies under the provisions of section 101(a)(15)(E)(ii) of the Act, that he intends to depart from the United States upon termination of his status, and that he is an alien who has invested or is investing capital in a bona fide enterprise and is not seeking to proceed to the United States in connection with the investment of a small amount of capital in a marginal enterprise solely for the purpose of earning a living.

On appeal the applicant, through counsel, presents an unaudited balance sheet indicating that the total assets of the business on December 31, 1977, was $26,651.46, with a net loss of $3,546.94 for the 4 month period ending December 31, 1977. The audit reveals notes payable consist of a $20,000 loan from the American Bank of Beaumont, Texas, payable on January 5, 1978, with interest at 8.75%. The note has been subsequently renewed and is currently due on April 5, 1978, with interest at 8.75%. Both loans were guaranteed by a relative of the corporation's shareholders and officers. The guarantor is identified as Charles H. Moore, M.D., Houston, Texas. The stockholders are identified as Ms. Vivion P. Moore with 500 shares of common stock at $1.00 par value, and the applicant with an identical shareholding. For some reason it was decided that the applicant should own 51% of the common stock, whereupon a special meeting was held on February 23, 1978, and he was issued an additional 25 shares at $1.00 par value.

In counsel's brief it is stated that subsequent to December 31, 1977, the Csonka-Moore Company (the enterprise under consideration) has obtained additional funds to the extent that it is now responsible for notes payable in the amount of $30,000. The additional $10,000 is in the form of a single payment note due on February 24, 1978, with a $221.91 finance charge, the borrower being Charles H. Moore, M.D., Houston, Texas.

It is noted that the loan guarantor, Dr. Charles H. Moore, is the brother of Kilburn Moore, the real estate developer presently involved in developing Westheimer Oaks Village where the enterprise is located, and the one other stockholder is the wife of Kilburn Moore.

Despite expectations and hopes of the participants for the future, so far the business has been a losing venture and may realistically be classified as a marginal enterprise.

Supporting documentation contains an agreement by Dr. Charles H. Moore, guarantor, and the applicant to the effect that the applicant is personally responsible to the guarantor for the repayment of notes to American National Bank from his share of earnings or dividends

realized from the operation of "Byron's," the business enterprise. The applicant then assigns to the guarantor as security for the payment of such notes, his stock shares of 51% in the Csonka-Moore Company. While these machinations are interesting, they in no way establish how the applicant has invested or is investing capital in a bona fide enterprise. The capital has been invested by Dr. Charles H. Moore, not the applicant. There is no evidence to suggest that the applicant has brought funds from England or any other place and invested them in this country. He has never had unrestricted use of the monies made available by the note guarantor.

The entire record has been carefully reviewed with consideration given the information provided on appeal. It has been decided, for the reasons stated above, that the application was properly and correctly denied, and that the decision will be affirmed.

ORDER: The decision of the District Director is affirmed, and the appeal is dismissed.